IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

MIKE JAMES DEFOOR,
ADC #650699                                                          PLAINTIFF

VS.                          CASE NO.1:09CV00028HLJ

RHONDA DOWELL, et al.                                               DEFENDANTS

## MEMORANDUM AND ORDER

### I.  Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #27).  Plaintiff filed a response in opposition to the motion (DE #39), and defendants filed a reply (DE #43).

Plaintiff is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983 against defendants, based on his alleged unconstitutional conditions of confinement and denial of medical care while incarcerated at the Independence County Detention Center (Jail) from June 8, 2008 until July 17, 2009.  Plaintiff first entered the Jail as a pretrial detainee, and on June 30, 2009, he pleaded guilty to a charge of first degree battery.  Plaintiff was confined to the Jail until he was released to the ADC on July 17, 2009.

In his complaint, plaintiff alleges the following: 1) defendants denied him mental health care and treatment while he was incarcerated; 2) defendants failed to respond to grievances; 3) defendants retaliated against him by placing him in a padded cell nude with another inmate; 4) defendants exposed him to numerous unconstitutional conditions of confinement, including placement in a padded cell nude with other inmates; overcrowding; denial of showers,  running

water, a mat or blanket, and heat; interference with his mail; denial of access to the telephone; and denial of visitation.  Plaintiff asks for monetary and injunctive relief from defendants for "pain and suffering of an undetermined amount." DE #2.

## II.  Summary Judgment Motion

A.  Defendants' Motion

Defendants state plaintiff's allegations against them should be dismissed for the following reasons: 1) plaintiff provides no proof of an unconstitutional county policy in which to support liability against defendants in their official capacities; 2) plaintiff was not denied adequate medical (mental health) care, and suffered no injury as a result of defendants' alleged actions/inactions; 3) there is no constitutional right to answered grievances; 4) plaintiff provides no proof of retaliation by defendants, other than his self-serving testimony and conclusory allegations; 5) plaintiff was not placed in a padded cell nude with other inmates; 6) plaintiff's allegation of placement in an overcrowded cell, without more, fails to support a constitutional violation; 7) plaintiff provides no evidence to support his claim he was only permitted one shower per week; 8) plaintiff fails to support his claim that he was denied access to running water, a mat, a blanket, and heat; 9) plaintiff provides no evidence to support his denial of mail, telephone calls, or visitation claims; 10) plaintiff can not recover damages without alleging he suffered a physical injury; and 11) defendants are entitled to qualified immunity.

B.  Plaintiff's Response

In response, plaintiff states, 1) defendants routinely placed him and other inmates in padded cells, nude, and thereby, established an unconstitutional policy; 2) defendants denied plaintiff's numerous requests for mental health care and treatment, despite placing him under

suicide watch on at least two occasions; 3) defendants retaliated against him by placing him nude

in a padded cell with another inmate; 4) defendants only permitted one ten-minute shower per

week while he was in the padded cell; 5) plaintiff was housed in a cell without running water, a

mat, a blanket, and heat, and was held in the padded cell on suicide watch for thirty-six days; 6)

defendants denied plaintiff access to the telephone, while permitting others to use the telephone;

7) plaintiff suffered actual physical injury due to defendants' failure to provide him with medical

care; 8) defendants are not entitled to qualified immunity.

C.  Defendants' Reply

        In their reply, defendants deny plaintiff's allegations that he was placed nude in a cell

with another inmate, but argue if the Court assumes plaintiff's allegations as true, they fail to

support a claim because plaintiff does not present any evidence of actual injury.  In addition,

defendants note that plaintiff received a court-ordered forensic examination while incarcerated.

Defendants re-assert there is no constitutional right to the answering of grievances, and that

plaintiff fails to support his retaliation, conditions of confinement, mail, telephone and visitation

allegations.

D.  Standard of Review

        Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the initial burden of identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144

F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving

party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant

must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.

Although the facts are viewed in a light most favorable to the non-moving party, "in order to

defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute;

rather, there must be a genuine dispute over those facts that could actually affect the outcome of

the lawsuit." Id.

        In addition, since plaintiff was a pretrial detainee during the majority of the time of his

incarceration, the due process standard of the Fourteenth Amendment applies to determine the

constitutionality of his conditions of confinement.  Bell v. Wolfish, 441 U.S. 520, 535 (1976), In

the Eighth Circuit, however, the standards applied to such claims are the same as those applied to

Eighth Amendment claims.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).

        Finally, according to the Prison Litigation Reform Act (PLRA), "[n]o federal civil action

may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

or emotional injury suffered while in custody without a prior showing of physical injury." 42

U.S.C. § 1997e(e).

E.  Analysis

        1) Official Capacity Claims/Unconstitutional Policy

        In order to support his claims against defendants in their official capacities, plaintiff must

show that the alleged improper action or actions "implements or executes a policy statement,

ordinance, regulation, or decision officially adopted and promulgated by [the county's] officers."

Kuha v. City of Minnetonka, 365 F.3d 590, 603-4 (8th Cir. 2003).  Defendants state plaintiff has

provided no proof of any unconstitutional Independence County policy or custom at issue with

respect to his claims, and he has failed to show that defendants engaged in misconduct so

pervasive that it constituted an unconstitutional custom or usage.  Plaintiff limits his response to

this argument to his claim that on two occasions he was placed nude in a cell with another

inmate, and that other inmates were subject to the same conditions.  However, in Williams v.

Delo, 49 F.3d 442, 446 (8th Cir. 1995), the Court held "there is no absolute Eighth Amendment

right not to be put in a cell without clothes or bedding."  In addition, the Court noted that the

plaintiff in that action did not provide evidence of suffering injuries or an impairment to his

health as a result.  "At most, Williams' evidence shows only that he felt some discomfort."  Id. at

446.  In this particular case, the Court notes that although he alleges placement in a cell nude

with another inmate, he does not state how long such condition lasted, how he was injured, or

even that it made him feel uncomfortable.  Therefore, since plaintiff's allegation against

defendants does not constitute a constitutional violation, he can not show that the county acted

pursuant to an unconstitutional policy or custom.  Therefore, plaintiff's allegations against

defendants in their official capacities will be dismissed.

        2) Medical/Mental Health Care

        Plaintiff alleges defendants failed to provide him with adequate mental health care and

support.  According to the undisputed facts, on June 17, 2008, the Circuit Judge of Independence

County directed that plaintiff receive a mental evaluation to determine the capacity to appreciate

the criminality of his conduct, pursuant to Ark. Code Ann. § 5-2-305.  DE #29, Ex. 2.  Plaintiff

was transported to Health Resources in Searcy, Arkansas, on October 28, 2008, for a forensic

examination in accordance with that Order. DE #29, Ex. 2.   Plaintiff was placed in a padded cell

from January 23, 2009 to January 27, 2009, and from January 31, 2009 to February 2, 2009, for

his own protection, on a suicide watch.  DE # 29 and Exhibits.   On June 18, 2009, plaintiff

submitted an Inmate Complaint/Grievance form asking for mental help, stating he was severely

depressed and irritated, and that his anxiety was bad.  DE #29, Ex. 4.

      In addition, according to documents submitted by plaintiff in support of his complaint,

DE #12, plaintiff submitted a statement on June 26, 2009 stating he wrote several grievances and

letters to Jail staff asking for mental help.  On April 27, 2009, plaintiff wrote a letter to defendant

Sgt. Sheppard, complaining about overcrowding in his cell and stating he has a social problem

and has asked Sgt. Sheppard and "Rhonda" (presumably defendant Dowell) repeatedly by letters

and grievances for help.  Plaintiff states in this letter that his family also has asked defendants for

help.  Plaintiff continues, "everyone that knows me or has been around me knows I have had a

problem and I has gotten worse this past year almost unbareable (sic) on my part....I fell (sic) its

cruel and unusual cause I cant get in front of the prosecutor to ask for him to let me go get some

help.  Cant you or my lawyer I've told for months get me there, please I ask one more time there

will be the straw that breaks the camels back."    Plaintiff also submits a copy of a medical

request submitted to Dr. Bob Burnette at the Jail, dated April 27, 2009, in which he states he has

been asking Sgt. Sheppard for mental help, he has asked for it several times, and he has been

placed in a padded cell.  He further states he needs to see a doctor about "my monic, scitzo,

anixiety, social problem or whatever it is I have wrong with me, please.  The thoughts I have are

not right please I ask you please."

      In their motion, defendants state plaintiff has failed to present evidence to show he had an

objectively serious medical need, and fails to support his claim for deliberate indifference

because he can not show that defendants actually knew of but disregarded any need he had while at the Jail.   Defendants also state plaintiff provides no evidence to show that following his forensic examination in October, 2008, he was instructed by a doctor or any other healthcare professional to seek further medical attention for his mental state.  Finally, defendants state plaintiff can not recover when he suffered no injury as a result of the defendants' actions or inactions.

In order to support an Eighth Amendment claim for relief, plaintiff must show that defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety.   Farmer v. Brennan, 511 U.S. 825, 827 (1994).  This principle also extends to an inmate's mental health-care needs.  Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990).  See also Bowman v. Hager, 2006 WL 3759479 (E.D.Ark.). Courts have recognized serious mental health needs where inmates were considered suicide risks, attempted suicide, or overdosed on pills.  See Steele v. Shah, 87 F.3d 1266, 1268-9 (11th Cir. 1996), and Benge v. Scalzo, 2008 WL 2157024 (D.Ariz. 2008).

With respect to defendants' allegations that plaintiff's claim should fail for lack of proof of physical injury, the Courts have held that the PLRA was not intended to bar recovery for all forms of relief, and absent physical injury, plaintiffs may recover nominal and punitive damages and injunctive and declaratory relief.  See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004).

As applied to the mostly undisputed facts of this case, the Court notes that defendants do not deny that plaintiff requested mental health assistance, and defendants do not maintain that they provided him with such. In addition, it is undisputed that plaintiff was placed in a padded cell on at least two occasions for his own protection.  The Court finds, therefore, a sufficient

dispute of material facts concerning plaintiff's allegation that defendants were deliberately indifferent to his serious mental health need, and the Court finds that the fact that plaintiff does not allege a physical injury is not fatal to his claim.  Therefore, the Court will deny defendants' motion with respect to this claim.

3) Grievance Procedure - As noted by defendants, there is no constitutional right to a grievance procedure, and a prison official's failure to respond to a grievance or to return copies of a grievance is not actionable under § 1983.  See Buckley v. Barlow, supra.  Therefore, this claim should be dismissed.

4) Retaliation - An inmate states a claim for retaliation if defendants take an adverse action in response to the inmate's protected activity, such as retaliating against someone for filing a grievance or lawsuit.  See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).  However, plaintiff must be able to submit affirmative evidence of the retaliatory motive of defendants in order to avoid summary judgment.  See Lewis v. Jacks, 487 F.3d 1025, 1029 (8th Cir. 2007).  In this case, however, plaintiff does not allege that he has evidence of retaliatory motive in response to defendants' motion and refers to no evidence that would show a violation of his constitutional rights.   The Court finds as a matter of law that this claim must fail.

5) Conditions of Confinement Claims -  In Hudson v. McMillian, 503 U.S. 1, 9 (1992), the United States Supreme Court held that the constitution does not mandate "comfortable" prisons.   In Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004), the court dealt with a civil rights action filed by death row inmates alleging high temperatures in the cells during the summer months constituted cruel and unusual punishment.  According to the prison logs, the court found that the average temperature of the Unit during the day was between eighty-five and

eighty-six degrees, and at night, about eighty degrees.  The court also noted the existence of a

ventilation unit and concluded that the conditions did not involve the "wanton and unnecessary

infliction of pain."  Id at 1289.

In this case, plaintiff alleges in his complaint he was placed in a padded cell for thirty six

days.  This is disputed by defendants, who provide Jail logs and an affidavit of defendant Dowell

that plaintiff was housed in a padded cell from January 23, 2009 to January 27, 2009 and January

31, 2009 to February 2, 2009.   Plaintiff does not dispute these dates in his response to

defendants' summary judgment motion.   Additionally, plaintiff states during that time period he

was only permitted one ten-minute shower per week, denied visits and telephone calls and mail.

He also states there was no running water, no mat, no blanket and no heat for several days, and

that another inmate was placed in the cell with him and they were both naked.

In O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82 (8th Cir. 1996), an inmate was

placed in a four-day behavior management program where he was deprived of underwear,

blankets, mattress, exercise and visits.  He gradually regained the deprived items as he

demonstrated appropriate behavior.  In addition, another inmate was required to sleep on a

concrete slab for four days, and to spend six days in the four-day program.  The Court cited

Williams v. Delo, 49 F.3d 442 (8th Cir. 1995), where an inmate was placed in a strip cell without

clothes for four days, with no water and no mattress, legal mail, or hygienic supplies.  The Courts

in both Williams and O'Leary found that the inmates were not denied "the minimal civilized

measures of life's necessities," in that they were not denied food or water.

In this particular case, plaintiff does not allege, or provide evidence to support, a denial of

the minimal measures of life's necessities, and therefore, the Court finds as a matter of law that

9

his conditions of confinement were not unconstitutional.

6) Qualified Immunity - Defendants claim they are entitled to qualified immunity protection from liability, citing Saucier v. Katz, 533 U.S. 194, 201 (2001), where the Court held qualified immunity protects government officials from suit unless their conduct violates a clearly-established constitutional or statutory right of which a reasonable person would have known..  The Court will consider this argument with respect to plaintiff's mental health claim only, as the Court finds defendants' summary judgment arguments with respect to the remaining claims should be granted for the reasons set forth above.  As noted in the above section discussing plaintiff's mental health claim, the Eighth Amendment protection is not limited to physical health, but applies to mental health also, as noted by the Court in Greason v. Kemp, supra (cited in Bowman v. Hager, supra).  Furthermore, the Courts have recognized serious mental health needs where inmates were considered suicide risks.  Steele v. Shah, supra .  Therefore, the Court finds that the law is well settled that an inmate's mental health can be considered a serious medical need, and that failure to treat such can violate an inmate's Eighth Amendment rights.  In light of such, the Court finds that plaintiff alleges a violation of a constitutional right, which was clearly established, and therefore, that they are not entitled to qualified immunity protection with respect to this claim.   Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #27) is hereby GRANTED in part with respect to all claims except plaintiff's Eighth Amendment mental health claim.

IT IS SO ORDERED this 1st day of April, 2010.

_____
United States Magistrate Judge